FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 04 2017
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**KIM PIERCE, Individually and on
Behalf of All Others Similarly Situated**  PLAINTIFF

vs.  No. 3:17-cv-63-DPM

**BIG RIVER STEEL, LLC**  DEFENDANT

This case assigned to District Judge Marshall
and to Magistrate Judge Kearney

### ORIGINAL COMPLAINT–CLASS ACTION

COMES NOW Plaintiff Kim Pierce, individually and on behalf of all others similarly situated, by and through her attorneys April Rhéaume, Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint–Class Action ("Complaint"), states and alleges as follows:

### I.  INTRODUCTION

1. Plaintiff Kim Pierce ("Pierce" or "Plaintiff"), individually and on behalf of others similarly situated, brings this action against Defendant Big River Steel, LLC ("Defendant") for violations of the overtime requirements of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA").

2. Plaintiff seeks to certify a collective action pursuant to Section 216 of the FLSA and a class action pursuant to the AMWA and Rule 23 of the Federal Rules of Civil Procedure.

3. Plaintiff further seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs and a reasonable attorney's fee, within

the applicable statutory limitations period as a result of Defendant's failure to pay proper minimum wages and overtime compensation under the FLSA and the AMWA.

4. The relevant time period of this Complaint is all of the time within the three years immediately preceding the filing of this Complaint until such time as judgment is entered.

5. The nature of the violation herein is what wage attorneys refer to as a "regular rate violation" in that Defendant paid a series of expected, repeating bonus payments, but Defendant did not include the bonus amounts in the calculation of the regular, hourly rate for the purposes of calculating proper overtime payments to Plaintiff and the class members.

## II. JURISDICTION AND VENUE

6. Plaintiff and those similarly situated seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

7. Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*

8. This Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

9. This Complaint also alleges causes of action under the AMWA, which arise out of the same set of operative facts as the federal causes of action, and which would be expected to be tried with the federal claims in a single judicial proceeding.

10. This Court has supplemental jurisdiction over the additional AMWA claims pursuant to 28 U.S.C. § 1367(a).

11. Plaintiff alleges violations of the FLSA and the AMWA as a result of and while working at Defendant's facility in Osceola.

12. The acts complained of were committed and had their principal effect, as described more fully below, within the Eastern District of Arkansas, Jonesboro Division; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. PARTIES

13. Plaintiff is an individual and resident of Osceola.

14. Defendant is a foreign, for-profit limited liability company, registered with the Arkansas Secretary of State.

15. The agent for service of process on Defendant is David Stickler, at 1425 Ohlendorf Road, Osceola, Arkansas 72370.

16. Defendant operates a steel manufacturing facility in Osceola (the "Facility").

17. Defendant maintains a webpage at https://bigriversteel.com.

### IV. FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

19. During the relevant time, Defendant had two or more employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, including, but not limited to, steel products.

20. For each of the three calendar years preceding the filing of the Original Complaint, each Defendant's annual gross volume of sales made or business done was

not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

21.     During each of three calendar years preceding the filing of the Original Complaint, Defendant continuously employed at least four individuals at the Facility and in other locations.

22.     In October of 2016, Defendant hired Plaintiff as an hourly steel plant worker at the Facility.

23.     Plaintiff regularly worked forty hours or more per week.

24.     As an hourly worker, Plaintiff was subject to Defendant's policies and practices applicable to hourly workers as described in Section V and VI.

## V.     FLSA COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

26.     Plaintiff brings her claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who are similarly situated to Plaintiff.

27.     Defendant employed hourly workers, including Plaintiff, who performed duties related to manufacturing of steel.

28.     The proposed FLSA class members are similarly situated in that they have been subject to uniform policies and practices by Defendant which violated the FLSA.

29.     Specifically, hourly workers were paid an hourly wage. Hourly workers regularly worked forty or more hours per week. Hourly workers all participated in and benefitted from a singular bonus compensation plan.

30. Defendant paid hourly workers an overtime premium that was based only on the workers' base hourly rates, and the premium was unlawfully low because it did not include the bonus payments in the formula.

31. Defendant did not pay hourly workers one and one-half times their regular rate for the time that hourly workers worked in excess of forty hours per week in violation of Section 778.208 of Title 29 of the Code of Federal Regulations.

## VI. RULE 23 CLASS ACTION ALLEGATIONS

32. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

33. While Plaintiff does not know the exact number of potential class members, upon information and belief, Plaintiff estimates that there may be at least 250 other hourly workers who were subject to the same policies and procedures as Plaintiff.

34. Common questions of law or fact common to the class of hourly workers are:

    A. Whether Defendant is an employer under the AMWA;

    B. Whether the members of the class are employees of Defendant under the AMWA;

    C. Whether Defendant paid members of the class one and one-half times the members' regular rate for all hours worked over forty for every workweek; and

    D. Whether Defendant knew or should have known that the failure to pay overtime wages would result in violations of the AMWA.

35. As demonstrated by the allegations in Sections IV and V above, Plaintiff's claims are typical of the class of hourly workers because both claim unpaid overtime wages based upon a single policy, and the claims are based on the same legal theory.

36. As a former hourly worker, Plaintiff is not only a member of the class, but Plaintiff is an adequate class representative because Plaintiff was not paid proper overtime, and therefore, Plaintiff has an interest in seeking recovery for the same types of damages that members of the class would seek.

37. Plaintiff knows of no conflict of interest with the class of hourly workers who worked at the Facility.

38. Plaintiff has hired the Sanford Law Firm, PLLC, to pursue her claims for unpaid overtime. The Sanford Law Firm, PLLC, focuses its practice on wage and hour claims under the FLSA and the AMWA. It has represented similar hourly workers asserting unpaid wage claims in numerous other cases. It has also represented numerous other employees all over the United States in wage and hour claims in numerous other types of wage cases.

## VII. LEGAL ALLEGATIONS

### A. Individual Claim for Violation of FLSA

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

40. Defendant failed to pay Plaintiff for all overtime wages required under the FLSA.

41. Defendant did not pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty hours.

42. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

43. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

44. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

**B.** **Individual Claim for Violation of AMWA**

45. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

46. Defendant failed to pay Plaintiff for all overtime wages required under the AMWA.

47. Defendant did not pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty hours.

48. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

C. **Collective Action Claim for Violations of the FLSA**

51. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

52. Defendants failed to pay hourly workers similarly situated to Plaintiff all overtime wages required under the FLSA.

53. Defendant did not pay the class members full and complete overtime during weeks in which they worked more than forty hours.

54. Defendant's conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

55. By reason of the unlawful acts alleged herein, Defendant is liable to hourly workers similarly situated to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

D. **Rule 23 Class Action Claim for Violation of AMWA**

56. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

57. Defendants failed to pay hourly workers similarly situated to Plaintiff all overtime wages required under the AMWA.

58. Defendant did not pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty hours.

59. Defendant's conduct and practice, as described above, are or were willful, intentional, unreasonable, arbitrary and in bad faith.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee provided by the AMWA.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kim Pierce, individually and on behalf of all others similarly situated, respectfully prays as follows:

(A) That Defendant be summoned to appear and answer herein;

(B) For certification of and notice to the collective class and Rule 23 class as further defined and determined by motions practice;

(C) For an order entering judgment in Plaintiff's and similarly situated hourly workers' favor against each Defendant, jointly and severally;

(D) For declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

(E) For declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. and attendant regulations;

(F) For damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

(G) For damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. and attendant regulations;

(H) For liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiff and all others similarly situated during the applicable statutory period;

(I) For liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. and attendant regulations;

(J) For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendants;

(K) For an order directing Defendants to pay Plaintiff and all others similarly situated prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(L) For such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF KIM PIERCE,**
**Individually and on Behalf of All**
**Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: _____
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

_____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com