# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

KIM PIERCE, on Behalf of All
Others Similarly Situated                                    PLAINTIFF

v.                          No. 3:17-cv-63-DPM

BIG RIVER STEEL LLC                                          DEFENDANT

## ORDER

The parties want to settle their dispute about unpaid overtime. That's a good thing, and it is thus with reluctance that the Court says no. The terms proposed aren't fair or reasonable.

Pierce used to work at Big River's steel mill. She filed this case, alleging that the mill had shorted her and other employees in paying overtime. She proposed a collective action under the Fair Labor Standards Act and a class action under the parallel Arkansas statute. Pierce and her colleagues were paid production bonuses. Big River, she alleged, hadn't included those bonuses in calculating the correct rate for the overtime everyone routinely worked at the mill.

After getting the suit papers, Big River investigated. The mill concluded that it had indeed made the mistake Pierce and her lawyers asserted. Approximately three weeks after Pierce filed her case, Big River made its employees whole. It paid Pierce and her co-workers the difference between the amount of overtime each had been paid and the

amount each person was owed, plus a 100% match to cover liquidated damages available under the wage statutes, and interest at 6%. Pierce got $2,978.68. Big River paid more than $2 million to its workers. Those workers did not sign any release; and the payments to them weren't marked "settlement" or conditioned in any way. Pierce's case wasn't mentioned.

The parties' lawyers then started talking settlement. The case was about a month old. In due course, Big River answered, explaining its mistake and its fix, and saying it stood ready to pay Pierce a reasonable attorney's fee. The parties eventually made a deal. Their proposed settlement is now before the Court and they seek approval. № 11; *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Department of Labor, Employment Standards Administration, Wage & Hour Division*, 679 F.2d 1350, 1354 (11th Cir. 1982). The parties have, helpfully, responded to questions and provided documents. № 18. The Court has drawn freely on those materials in stating the case.

Here's the proposed deal. Pierce agrees to dismiss this case with prejudice, release a basket of other potential claims (reserving those asserted in a pending EEOC charge), and not to seek or accept employment with Big River in the future. There's no release of co-workers' claims. Big River agrees to provide a neutral reference. The parties acknowledge the $2,978.68 already paid Pierce for unpaid overtime, an equal amount of liquidated damages, and interest. The

parties propose that Big River pay Pierce $10,720 more "representing an incentive award for settlement[.]" № 12 at 2. They also propose that Big River pay Pierce's lawyers $62,000 in fees and expenses. The lawyers are out of pocket $487.49 for the filing fee, service, and copies. "[T]he agreed amount of fees[,]" the parties say in their joint motion to approve the settlement, "is based primarily on the results obtained for Plaintiff and her co[-]workers, not the hours expended by counsel." № 11 at 2. Rounding for simplicity, Pierce's lawyers worked fifty-one hours, which generated (at healthy hourly rates ranging from $175 to $290) an $11,500 bill.

Several circumstances favor approving the deal. It was negotiated at arms-length between adversaries. Able counsel represent each side. There's not even a hint that Pierce or her co-workers would be short-changed. Pierce is made completely whole for the overtime violation. As the indirect beneficiaries of Pierce's lawsuit, her co-workers got made whole, too, and this involved big money.

Other circumstances, though, weigh against the deal, decisively so, in this Court's view. First, no collective action or class has been certified. An incentive award to Pierce and a non-lodestar attorney's fee reflect group-wide litigation that didn't really happen. None of the procedural protections that attend group litigation, such as notice to those affected and a chance to object, are present. This case stopped at the door.

Second, the proposed incentive award to Pierce is not fair. The payment she got for overtime represents a 100% recovery of everything she could have gained by winning the case. She did not earn a service fee by giving a deposition, attending hearings, or being the public face of workers in an extended dispute with their employer. Filing the case pushed Big River into investigating the pay issue. But the mill's immediate fix shows that there was no push back, much less a real fight. Pierce is merely one step away from all her co-workers on the overtime point—she sued, and that step doesn't justify a $10,720 payment. Perhaps more money for Pierce could be justified in terms of other things she's giving up in the deal. The release of many other potential claims and the no-reapplication terms come to mind. But these are not the words or the structure of the parties' agreement, and in terms of the overtime claims pleaded, this proposed award would be a windfall. The Court has found no precedent that would support this payment. And the parties have not cited one.

The proposed attorney's fee is unreasonable. To get the dispute resolved and move on, it's understandable that Big River would not quibble over hourly rates or the inefficiencies that come from having many lawyers on a case. Four main lawyers, with assists from five more, strikes the Court as too many hands. But, at the threshold this looked like a big case; a full team was justified. The proposed fee, though, doesn't simply cover the time billed. It doesn't go a bit farther,

seeking a multiplier of 1, for example, to reflect the substantial collateral benefits. Even that step would be novel under precedent, but it would come much closer to being reasonable. Instead, the parties' proposal seeks a multiplier of more than 5. In lodestar terms, the proposal seeks an hourly rate of more than $1200. That's unreasonable. It is, as the parties note, only approximately 3% of the total payout to all employees. № *18 at 3*. But this is not a common fund case. *Compare Keil v. Lopez*, 862 F.3d 685 (8th Cir. 2017). Every precedent cited by the parties, № *18 at 1–2*, involved a collective action or class certified by the Court with all the usual procedural steps and protections. *E.g., Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008). Those cases provide no support here. This suit alerted Big River to a widespread overtime problem, which the company promptly fixed before the case launched. Counsel deserves credit, and probably some reasonable compensation for raising the storm flag, but approximately $50,000 more than a generous hours-based fee is just too much.

\* \* \*

Joint motion, № *11*, denied without prejudice. Joint status report on where the case is going from here due by 13 December 2017.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

13 November 2017