**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 30 2018

JAMES W. McCORMACK, CLERK
.By:_____
                              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**ESTATE OF KIMBERLY HOPE GILLOCK**                     **PLAINTIFF**

VS.                              No. 3:17-cv-63-DPM

**BIG RIVER STEEL, LLC**                                **DEFENDANT**

## NOTICE OF FILING EXHIBIT UNDER SEAL

Pursuant the Court's Order directing the Parties to file their settlement agreement under seal (ECF No. 14), the Parties submit the attached sealed document as Exhibit A to their Joint Motion to Approve of Settlement Agreement (ECF No. 29).

Respectfully submitted,

**ESTATE OF KIMBERLY HOPE
GILLOCK, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

30

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (hereinafter referred to as the "Agreement") is entered between Paulette Barbee, as Administratrix of the Estate of Kimberly Hope Gillock, deceased, ("ADMINISTRATRIX"), and Big River Steel, LLC ("BIG RIVER STEEL").

**WHEREAS**, Kim Pierce a/k/a Kimberly Hope Gillock ("PIERCE") filed a lawsuit against BIG RIVER STEEL, styled *Kim Pierce et al.*, Case No. 3:17-CV-63-DPM, which remains pending in the United States District Court, Eastern District of Arkansas, Jonesboro Division ("the Lawsuit");

**WHEREAS**, separate from the Lawsuit, PIERCE filed an administrative Charge of Discrimination before the U.S. Equal Employment Opportunity Commission, Charge No. 846-2017-18347 (the "EEOC Charge") alleging sex discrimination and a similar claim under the Arkansas Civil Rights Act. PIERCE's EEOC Charge, remains pending before the U.S. Equal Employment Opportunity Commission;

**WHEREAS**, on November 18, 2017, PIERCE, was tragically killed in a single vehicle accident in Mississippi County, Arkansas;

**WHEREAS**, on February 15, 2018, Paulette Barbee was appointed administratrix of the Estate of Ms. Kimberly Hope Gillock, deceased;

**WHEREAS**, On April 9, 2018 the Circuit Court of Mississippi County, Arkansas, in the matter styled *In Re Estate of Kimberly Hope Gillock [Pierce], deceased*, Case No. 47OPR-18-5, approved the appointment of Sanford Law Firm, PLLC, to represent the ADMINISTRATRIX in the Lawsuit and the EEOC Charge;

**WHEREAS**, upon obtaining the approval of this Agreement from the Honorable Judge D.P. Marshall Jr. of the U.S. District Court for the Eastern District of Arkansas, ADMINISTRATRIX will also be required to obtain approval of the terms of this Agreement from the Circuit Court of Mississippi County, Arkansas;

**WHEREAS**, BIG RIVER STEEL disputes liability for any and all such claims by ADMINISTRATRIX; and

**WHEREAS**, the parties hereto desire to settle all claims, causes of action, rights, grievances, demands, or suits in law or equity that the ADMINISTRATRIX has or may have against BIG RIVER STEEL in order to avoid the expense and distractions of litigation and further proceedings before administrative agencies;

**FOR VALUABLE CONSIDERATION**, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

## COVENANTS

1.      **Settlement Proceeds and Other Payments**.  BIG RIVER STEEL agrees to pay ADMINISTRATRIX the following amounts:

a.      BIG RIVER STEEL agrees to provide to or on behalf of ADMINISTRATRIX the following amounts (the "Settlement Proceeds"): (1) a check made payable to ADMINISTRATRIX in the amount of $10,720.00 (Ten Thousand Seven Hundred Twenty Dollars and No Cents) as consideration for: (i) the waiver and release of the rights and claims ADMINISTRATRIX is waiving and releasing in Paragraph 4 below, including the EEOC Charge; (ii) the confidentiality obligations set forth in Paragraph 6 below; and (iii) the assistance to third parities obligations set forth in Paragraph 5 below, with said payment representing non-wage based damages from which no withholdings will be taken and which will be reported on Form 1099; and (2) a check made payable to Sanford Law Firm, PLLC in the amount of $62,000.00 (Sixty-Two Thousand Dollars and No Cents), representing the attorneys' fees and costs ADMINISTRATRIX and PIERCE incurred both in this Lawsuit and in connection with the EEOC Charge which will be reported on Form 1099.  ADMINISTRATRIX is specifically aware of, and agrees with the amount of attorneys' fees and costs to be paid to her counsel for representing ADMINISTRATRIX's interests and PIERCE's interests in this Lawsuit and in connection with the EEOC Charge.

b.      ADMINISTRATRIX acknowledges that PIERCE previously received from BIG RIVER STEEL payment of the total gross amount of $2,978.68 (Two Thousand Nine Hundred Seventy-Eight Dollars and Sixty-Eight Cents) consisting of all outstanding overtime due in the amount of $1,472.81 (One Thousand Four Hundred Seventy-Two Dollars and Eighty-One Cents), an equal sum representing liquidated damages in the amount of $1,472.81 (One Thousand Four Hundred Seventy-Two Dollars and Eighty-One Cents), and an interest payment at the rate of six percent in the amount of $33.06 (Thirty-Three Dollars and Six Cents).

c.      ADMINISTRATRIX agrees that the payments set forth in Paragraphs 1(a) and 1(b) above include all that ADMINISTRATRIX claims to be entitled to receive from BIG RIVER STEEL, and includes the full and final payment of any and all wages, liquidated damages, costs and attorneys' fees which ADMINISTRATRIX claims are due under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Arkansas Civil Rights Act, and all other sums ADMINISTRATRIX claims are due or could be due from BIG RIVER STEEL for any reason.  ADMINISTRATRIX further stipulates that ADMINISTRATRIX is not entitled to any additional compensation, including overtime wages, liquidated damages, attorneys' fees or costs from BIG RIVER STEEL.

2.      **Dismissal with Prejudice.**  ADMINISTRATRIX agrees to take all steps necessary to obtain court approval of this Agreement from the Honorable Judge D.P. Marshall Jr. of the U.S. District Court for the Eastern District of Arkansas and from the Circuit Court of Mississippi County, Arkansas.    Upon  obtaining  the  required  court  approvals, ADMINISTRATRIX agrees to take all steps necessary to ensure the dismissal of the Lawsuit with prejudice, including execution of a Joint Motion for Voluntary Dismissal. ADMINISTRATRIX agrees to cooperate with BIG RIVER STEEL in seeking court approval

without the filing of this Settlement Agreement in the public record; however, the parties acknowledge that the Court may require an *in camera* review and/or filing of this Agreement. The Settlement Proceeds to ADMINISTRATRIX are payable 10 days from the entry of an Order of Dismissal with prejudice. If, for any reason, the Lawsuit is not dismissed with prejudice, this Agreement shall be null and void and the parties shall be restored to the *status quo ante.*

3.    **Adequate Consideration.**    ADMINISTRATRIX agrees that amounts set forth in Paragraph 1 above constitute adequate and ample consideration for the rights and claims ADMINISTRATRIX is waiving and releasing in Paragraph 4 below.

4.    **Release by Administratrix.**    ADMINISTRATRIX, does hereby fully, finally and forever release and discharge BIG RIVER STEEL, together with its parents, subsidiaries, affiliates and all of their officers, directors, shareholders, owners, employees, benefit plans, representatives, insurers, attorneys and agents (hereafter referred to collectively as "Releasees") from any and all liabilities, charges, claims, demands, actions, lawsuits or causes of action, of any kind and every nature whatsoever, known or unknown, which BIG RIVER STEEL has or may have against Releasees, including any claims growing out of or arising from or relating to PIERCE's employment with BIG RIVER STEEL, the termination of that employment, the EEOC Charge, or any other matter to the date of the execution of this Agreement. This general release and waiver shall include claims brought under any theory of law or equity, under the common law or under any federal, state or local law, statute, rule, regulation, or ordinance, including specifically, but not limited to, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* as amended; any title of the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e, *et seq.,* as amended; the Civil Rights Act of 1991; the Civil Rights Act of 1866 (42 U.S.C. §§ 1981, 1981A, 1983, 1985, 1986 and 1988); the Arkansas Civil Rights Act of 1993, A.C.A. §16-123-101 *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.;* the Equal Pay Act, 29 U.S.C. § 215(d)(1); the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*; the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.;* any city or county ordinance; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.;* the Family and Medical Leave Act, as amended, 29 U.S.C. 2601 *et seq.*; Occupational Safety and Health Act of 1970, § 29 U.S.C. 651 *et seq.*; or the False Claims Act (including the *qui tam* provision thereof). Furthermore, and without in any way limiting the foregoing, the claims waived and released by ADMINISTRATRIX include any and all tort claims, any and all contract claims, any and all claims for alleged deprivation of rights, and any alleged violations of other statutory rights.

5.    **Assistance to Third Parties.**    ADMINISTRATRIX acknowledges and agrees that, absent compulsion of court order or other legal requirement, she will not directly or indirectly assist any nongovernmental third party or other nongovernmental entity in maintaining, proceeding upon, or litigating any claim related or similar to the claims raised in the Lawsuit or the EEOC Charge. If ADMINISTRATRIX is required under court process or law to give testimony or to produce information, she agrees to timely notify BIG RIVER STEEL prior to such disclosure or production.

6.    **Confidentiality.**    Notwithstanding whether the terms of this Agreement are disclosed to the Court, **ADMINISTRATRIX agrees that neither she, nor anyone on her**

behalf will, in any manner, publish, inform, disclose, or discuss with any person or in any other forum any of the terms or conditions of this Agreement and/or the amount paid in settlement of ADMINISTRATRIX's claims, unless compelled to do so by order of a court of competent jurisdiction or lawfully issued subpoena. ADMINISTRATRIX understands that she is bound by this confidentiality provision going forward, and in response to any inquiry will only say that "the matter has been resolved," or words to that effect. If ADMINISTRATRIX should be required by order or subpoena to make disclosures which would otherwise be prohibited under this Agreement, she must notify Kathlyn Graves or Nathan Read, at Mitchell, Williams, Selig, Gates and Woodyard, PLLC, within five days of receipt of the subpoena or order. ADMINISTRATRIX may disclose the terms of this Agreement if reasonably necessary with respect to completing required federal, state or local tax returns to account for the monies paid pursuant to this Agreement or in response to an Internal Revenue Service or other audit or other inquiry relating to such monies, as well as to her legal or tax advisor(s). This confidentiality provision is a material provision of this Agreement and any breach thereof constitutes a material breach of this Agreement. If at any time after the execution of this Agreement BIG RIVER STEEL establishes that ADMINISTRATRIX has violated its terms, including breach of the confidentiality provision set forth in this Paragraph, BIG RIVER STEEL shall have the right to recover damages, an injunction restraining further violations, and any and all other available relief. This section shall be liberally construed to effect its purpose of assuring maximum permissible confidentiality of this Agreement, which shall be deemed to be of the essence of this Agreement.

7.    **No Admission of Liability.**  This Agreement does not constitute an admission or acknowledgment of liability by BIG RIVER STEEL. BIG RIVER STEEL expressly denies that it has violated any law, statute, rule, regulation, or ordinance of the United States, the State of Arkansas or any other state or municipality, or that is breached any duty to ADMINISTRATRIX or PIERCE. This settlement was reached solely for purposes of avoiding the time and further expense which would be incurred by continuing the Lawsuit or by any further proceedings before administrative agencies or subsequent litigation.

8.    **Acknowledgment.**  ADMINISTRATRIX acknowledges that she has carefully read and understands this Agreement and agrees that BIG RIVER STEEL has made no representations other than those contained herein. ADMINISTRATRIX also acknowledges that she enters into this Agreement voluntarily, without any pressure or coercion with full knowledge of this significance. ADMINISTRATRIX understands that this Agreement constitutes a full and absolute settlement and bar as to any and all claims PLAINITIFF or PIERCE had, has or may have against BIG RIVER STEEL. ADMINISTRATRIX further acknowledges that she was represented by counsel who had the opportunity to negotiate regarding the terms of this Agreement.

9.    **Declarations and Representations.**  ADMINISTRATRIX hereby declares and represents in making this Release that she is over 18 years of age, is competent and otherwise has the authority to enter into this Agreement in her capacity as Administratrix of the Estate of Ms. Kimberly Hope Gillock, deceased. ADMINISTRATRIX further asserts that to the best of her knowledge, no other administrator, administratrix, guardian, power of attorney, next friend,

attorney-in-fact or other legal representative has the authority to act on behalf of the ADMINISTRATRIX or PIERCE individually or in some representative capacity.

10.     **Miscellaneous.** This Agreement shall be governed by and construed in accordance with the laws of the State of Arkansas. The waiver by BIG RIVER STEEL of any breach or default by PLAINITIFF of any of the terms of this Agreement shall not be deemed to be, nor shall the same constitute, a waiver of any subsequent breach or default by ADMINISTRATRIX. Should any provision of this Agreement be determined by a court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms and provisions shall not be affected. This Agreement shall inure to the benefit of and be enforceable by BIG RIVER STEEL's successors and/or assigns. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or email, shall be effective and binding as if it were the originally executed documents.

**I ATTEST THAT I HAVE READ THIS AGREEMENT AND THAT I UNDERSTAND THAT THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS THE ESTATE OF KIMBERLY HOPE GILLOCK, DECEASED, HAVE OR MAY HAVE AGAINST BIG RIVER STEEL.**

AGREED:


_____     _____
Paulette Barbee, as Administratrix of the          Date
Estate of Kimberly Hope Gillock, deceased


WITNESSED BY:


_____     _____
                                                           Date


Print Name:_____


BIG RIVER STEEL, LLC


_____     _____
                                                           Date

By: _____

Its: _____