IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PAULETTE BARBEE, Administratrix of
the Estate of Kimberly Hope Gillock, on
Behalf of All Others Similarly Situated                           PLAINTIFF

v.                          No. 3:17-cv-63-DPM

BIG RIVER STEEL LLC                                               DEFENDANT

ORDER

The parties — with the personal representative of Pierce/Gillock's estate properly substituted for her — renew their motion to approve a settlement. They ask to keep their proposed agreement confidential, but implicitly acknowledge this Court's practice of having similar documents in the public record and say that confidentiality is not material. The Court directs the Clerk to unseal the proposed agreement, № 30.

The deal has been partly recast. The $10,720 that would flow to Pierce/Gillock's estate is no longer an incentive award attached to the wage claims. It is for settlement of Pierce/Gillock's EEOC charge, which was preserved for litigation in the last deal, as well as all potential statutory and common law claims. That is a new structure. Survival of federal claims can present vexed questions. *E.g., Guenther v. Griffin Construction Company*, 846 F.3d 979 (8th Cir. 2017). The Court

need not pause on them for two reasons: settlement in the face of legal uncertainty is prudent; and Pierce/Gillock's estate is releasing a basket of potential claims, federal and state, at least some of which survived her death. ARK. CODE ANN. § 16-62-101(a). As the parties say, the probate division of the Mississippi County Circuit Court must approve this part of the deal, and it's not clear whether this Court must do so. But it is one part of a whole. Given the litigation history, and the connected proposal for settlement of wage-claim-related fees, this Court concludes it should evaluate this term. It's fine. The proposed payment to Pierce/Gillock's estate is a fair and reasonable resolution agreed at arm's length with the assistance of able counsel.

The parties again request approval of $62,000 in attorney's fees and costs. This is the same amount this Court rejected approximately seven months ago. № 19. The Court explained its concerns. The parties do not mention or address them. The proposal remains unreasonable. While counsel undoubtedly spent some more time navigating the circumstances created by Pierce/Gillock's death, there's no record provided of exactly how much effort was involved in assisting the estate's separate counsel, negotiating the new deal, or handling the additional filings needed in this case. The Court concludes that everyone just wants to get this done. OK.

All material things considered, the Court approves $30,000 as a reasonable amount for all attorney's fees and costs in this case. *Lynn's*

*Food Stores, Inc. v. U.S. By & Through U.S. Department of Labor, Employment Standards Administration, Wage & Hour Division*, 679 F.2d 1350, 1354 (11th Cir. 1982). That amount covers counsel's out-of-pocket expenses, all time previously billed at above-market rates, some more time for work necessitated by Pierce/Gillock's death, and an incentive award. This last element reflects the good results achieved for other Big River employees when Big River immediately fixed the problem identified by Pierce/Gillock's lawsuit. Everything except the incentive award is in the neighborhood of $14,000. The incentive award adds a like amount and rounds up. The $30,000 total is a fair fee.

* * *

Joint motion, № 29, granted as modified. The case will be dismissed with prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

7 May 2018